## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIANO TISTA PEREZ** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-5533** |
| | : | |
| **MARKWAYNE MULLIN, TODD** | : | |
| **BLANCHE, JOHN E. RIFE, J.L.** | | |
| **JAMISON.** | | |

## <u>ORDER</u>

**AND NOW**, this 7th day of August 2026, upon considering an incarcerated man's Petition

for habeas corpus (ECF 1) seeking release from custody at the Federal Detention Center

Philadelphia after residing in the United States for over four years and being detained without

reason, Respondents' Response (ECF 4) declining to meaningfully respond to the Petition and

instead incorporating arguments advanced in earlier cases, considering the uncontested allegations

regarding Petitioner's presence in our District and Respondents do not claim Petitioner is a danger

to person or property or a flight risk, mindful the United States repeats the same arguments denied

by us and our colleagues from several earlier similar petitions, and finding, as we already found

and our colleagues in now hundreds of cases nationwide have found facing similar fact patterns,[1]

Respondents detain Petitioner in violation of the Constitution and the laws of the United States

and the Respondents applying Congress's clear direction in 8 U.S.C. § 1225(b)(2) to non-citizens

such as the Petitioner is unlawful leading us to be persuaded by our colleagues' extensive analysis

(well known to Respondents) and allowing us to find the Petition (ECF 1) is reviewable, we read

Congress's mandate in section 1225(b)(2) narrowly,[2] and there is no basis for mandatory detention

but Petitioner may be subject to the discretionary detention explained by Congress in 8 U.S.C. §

1226(a) after a bond hearing, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1.      Petitioner Mariano Tista Perez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.      Respondents shall **forthwith** release Mariano Tista Perez from federal government custody no later than **1:00 PM EST** on **August 7, 2026** and shall confirm their strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **4:00 PM EST** on **August 7, 2026**;

3.      Respondents are temporarily enjoined from re-detaining Mariano Tista Perez until no earlier than **August 21, 2026** and should Respondents choose to pursue re-detention under section 1226(a), they must first provide Mr. Tista Perez with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

4.      Respondents cannot remove, transfer, or otherwise facilitate the removal of Mr. Tista Perez from the Eastern District of Pennsylvania before an ordered bond hearing, but if a duly authorized under law immigration judge with jurisdiction finds Mr. Tista Perez is subject to detention under section 1226(a) after affording due process, the United States may seek leave before us to remove Mr. Tista Perez from this District for emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Mr. Tista Perez; and,

5.      The Clerk of Court **CLOSE** this case.

_____
**KEARNEY, J.**

2

---

[1] The United States begins by acknowledging Mr. Tista Perez's amended Petition raises an issue we and our colleagues have addressed in hundreds of earlier cases. ECF 4 at 1. But it will file an actual opposition only if we request one. *Id.* The United States noted its appeals in two matters, now consolidated, are pending and our Court of Appeals heard argument on them on May 11, 2026. *Id.* at 2. The United States' abbreviated filing does not identify the earlier responses they purport to incorporate or respond to the verified allegations bearing on Mr. Tista Perez's detention. It instead offers a few conclusory sentences asserting Mr. Tista Perez remains an applicant "seeking admission" and requests denial. *Id.* at 1-2.

We nevertheless consider the legal position the United States has repeatedly advanced and reject it for the reasons explained in our earlier Orders and in the extensive decisions of our colleagues. *See, e.g.*, *Holguin Velez v. Jamison*, No. 26-1918, 2026 WL 893679, at *1 (E.D. Pa. Apr. 1, 2026) (Scott, J.); *Torres Jimenez v. McShane*, No. 26-1871, 2026 WL 811680, at *1 (E.D. Pa. Mar. 24, 2026) (Sánchez, J.) (collecting cases); *Teletor Jimenez v. Bondi*, No. 26-1698, 2026 WL 800952, at *2 (E.D. Pa. Mar. 20, 2026) (Hodge, J.); *Beridze v. Jamison*, No. 26-1611, 2026 WL 766171, at *2–5 (E.D. Pa. Mar. 18, 2026) (Rufe, J.); *Noicy v. Jamison*, No. 26-1388, 2026 WL 637635, at *2 & n.1 (E.D. Pa. Mar. 6, 2026) (Sánchez, J.) (collecting cases); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

[2] The United States provided us with a four-category break down of habeas petitions by immigration detainees challenging the authority of the Department of Homeland Security to detain them, including three categories of cases where the Department uses 8 U.S.C. § 1225(b)(2)(A) to detain them without a bond hearing. ECF 4 at 1 n.1. The United States agrees the Department detained Mr. Tista Perez under 8 U.S.C. § 1225(b)(2)(A) but does not describe which category Mr. Tista Perez's case falls into. *Id.* at 1-2. We, like our colleagues, find the "applicant for admission" and "seeking admission" language of 8 U.S.C. § 1225(b)(2)(A) does not compel detention here as argued by the United States. *See, e.g.*, *Meireles de Oliveira v. Jamison*, No. 26-1246, 2026 WL 751946, at *2 (E.D. Pa. Mar. 16, 2026) (Hodge, J.) (finding section 1225(b)(2)(A) did not apply in a "*Hurtado*" case) (collecting cases); *Cardoso Rodrigues v. Jamison*, No. 26-1407, 2026 WL 676468, at *3–4 (E.D. Pa. Mar. 10, 2026) (Costello, J.); *Gagiev v. Rose*, No. 26-169, 2026 WL 657739 at *5–6 (E.D. Pa. Mar. 9, 2026) (Murphy, J.); *Francisco v. Jamison*, No. 26-1321, 2026 WL 607988, at *2 (E.D. Pa. Mar. 4, 2026) (Henry, J.); *Hansaboy Olimov v. Jamison*, No. 26-532, 2026 WL 596155, at * 4-5 (E.D. Pa. Mar. 3, 2026) (Wolson, J.).

The United States does not contest the facts asserted in Mr. Tista Perez's habeas petition. Mr. Tista Perez entered the United States without inspection in 2022. ECF 1 at 4. Mr. Tista Perez faces removal proceedings before the Elizabeth Immigration Court. *Id.* at 6. Mr. Tista has no criminal convictions. *Id.* at 2.